# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

CHARLES LINDSEY,            )
                            )
        Plaintiff,     )
                            )
v.                          ) No. 05-0399-CV-W-FJG
                            )
FBI, et al.                 )
                            )
        Defendants.    )

# ORDER

Currently pending before the Court is plaintiff's Motion for Leave to Proceed In Forma Pauperis. In reviewing plaintiff's in forma pauperis application, the Court is also obligated to review the plaintiff's Complaint.

    Pursuant to 28 U.S.C. § 1915 (e) (2) (B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. Inc. v. U.S., 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).
    In reviewing a pro se complaint under § 1915 (e) (2) (B), the court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Taylor v. United States, No. 4:97CV2305, 1997 WL 1008226, *1 (E.D.Mo. Dec. 18, 1997).

In his initial Complaint plaintiff described his claim as "constitutional, unlawful restraint of liberty." Plaintiff described the relief he was requesting as: "Injunction on ease of necessity by federal agency regarding fuel bills and utilities, trying to obstruct

educational endeavors, to abate public nuisances." When asked to describe his damages, plaintiff states, "replacement car that federal agency tourched [sic], names of agents refusing execute indictment of information. 4/28/05 paying extra fraudulent expense on existing car note."

Because the Court was unclear as to what plaintiff was alleging, plaintiff was ordered to provide the Court with a more detailed Complaint which would set forth in greater detail the particulars of his claim and the relief which he was seeking. Plaintiff filed an Amended Complaint on July 5, 2005. In his Amended Complaint, plaintiff described the Statement of his claim as follows:

> Because of federal seizure laws the defendants can use up to twenty million dollar a year to settle cases such Lindsey v. United State, police and court agents are obstructing justice for personal gain.

(Plaintiff's Proposed Amended Complaint, p. 2).

When asked to state briefly what he would like the Court to do for him, plaintiff responded:

> unlawful interference with my ability to work, to restrict ability to resist. According Andrews, world at large test if defendant injuries you from anywhere in the world, they are liable. In this case the defendants are criminal agencies.

Id. at 2.

Plaintiff also attached an eight page typewritten statement in which he attempts to summarize his claims. However, after carefully reviewing plaintiff's statement, the Court is still unsure what claims plaintiff is attempting to assert against these defendants. Instead of complaining of a specific incident, it appears that plaintiff is simply listing a series of unfortunate events which have happened to him over the past several months. For example, in the first paragraph, he states:

> Cause giving rise to this action, after prior legal proceeding Lindsey v.

2

> United States 2001 Defendant agencies consented. Because of sensitive issue involved Committed intentional tort. The National Guard had to reveal a public nuisance through court discovery proceeding, they used prosuedo entity to demonstrate theft of intestacy succession estate of the plaintiffs, father estate. After which criminal agents trying hide trust of left by my father attempted destroy my mother's birth records.

(Plaintiff's Proposed Amended Complaint, p. 1).

Plaintiff then continues to complain that:

> Defendant used intellectual property to divert proceeds into a new blind trust by trade secret of court proceeding, or trade secret of attorney's. "Which is protected by the American Bar Association." The National Guard demonstrate prior corruption in a sting operation by recreating a similar situation, on criminal agencies and the agents involved. Who seized property and financial enterprise, and placed under a prosuedo name to continue it's possession. Linking the financial enterprise with federal agencies assisting. Because the government cannot take credit for the business due primarly to infiltration by criminal agents trying to obtain ownership through adverse possession doctrine. Agents that are try to assert ownership.
>
> Through a quit claim deed. To cure the defect of ownership. Although the government has given testimony that will help return stolen chattel. They have done so in the hypothetical. Which the court cannot move n, because it is to obscure as to who did what. And they also fail to provide proper protection according to criminal procedure. For according to criminal procedure, the plaintiff and his family is entitled to financial support at cost to the government of the United States.

(Plaintiff's Proposed Complaint, pp. 3-4). Plaintiff also complains that the police and the fire department torched his car, that he has been unable to keep a job because of threats and harassment, that the Gas Company turned off his heat during the winter months, although he has paid some utility bills, plaintiff states that he keeps receiving bills for the same time period, the loan officer at the school he attends refused to turn over his student loan check and he has received threats to his property and to the lives of his loved ones. Plaintiff concludes his Complaint with the following request:

> It is time to end this continual criminal enterprise. And return my father stolen estate. And end the trust that been illegally put into my name under a corporate veal ! My request is that state executive staff to defend me

3

and residents of the state of Missouri, and make the government pay $50.000 thousand dollar to replace all the property damage, of which twenty thousand is compensatory damage the additional is punitive damage for damages. Due emotional distress and negligent The smoking gunTheroy, Because of prior admission of federal activity by experts any records such as payment of bills become secondary. The computer only knows what is program into it. Garbage in garbage out.

(Plaintiff's Proposed Amended Complaint, p. 8).

As noted above, the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. In the instant case, plaintiff was given an opportunity to amend his Complaint to more clearly allege the factual basis of his claim. However, as demonstrated above, plaintiff has not been able to clearly articulate what his claim is. The Court finds that plaintiff's Complaint and proposed Amended Complaint fail to state a claim upon which relief can be granted because it appears that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Therefore, the Court finds that dismissal of plaintiff's Complaint and proposed Amended Complaint is proper pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, it is hereby **ORDERED** that plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. # 1) is hereby **DENIED** and plaintiff's Complaint and Amended Complaint are hereby **DISMISSED**.

Date:  August 15, 2005                                     **S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri                                          Fernando J. Gaitan, Jr.
                                                                 United States District Judge